## PATTERSON *v.* HAWKINS.

RENTS. *Attachment.* Plaintiff rented defendant land for one-third of the crop. Owing to bad cultivation only three bales of cotton was raised. Plaintiff attaches *all* the cotton, and the court renders judgment for rent, estimating what might have been raised by good husbandry. Held, erroneous. Damages for breach of contract cannot be enforced by attachment under sections of the Code giving attachments for rent.

FROM GILES.

Appeal in error from the Circuit Court of Giles county. JOHN V. WRIGHT, J.

B. F. MATTHEWS for Patterson.

N. SMITHSON for Hawkins.

FREEMAN, J., delivered the opinion of the court.

This is a proceeding by original attachment, claiming defendant is indebted to the plaintiff in the sum

of $170 for the rent of land for the year 1874. The case was tried on appeal by Judge Wright at Pulaski, a judgment rendered for the plaintiff for $141.93, and appeal in error to this court.

The facts are, plaintiff rented land to defendant for the year 1874, and was to receive as rent one-third of the crop. The corn crop proved a failure, the cotton crop was three bales, which, under the judgment of the court, plaintiff gets, or its equivalent, the proceeds thereof, it having been sold. The court gave this judgment as for rent, estimating what should have been made by good husbandry on the land.

This judgment is erroneous. By secs. 3539–41 of the Code, any debt by note, account, or otherwise, created for rent of land, is a lien on the crop growing or made on the premises, in preference to all other debts, from the date of the contract, and continues for three months after the debt becomes due, and until the termination of any suit commenced within that time for the rent. This lien may be enforced by original attachment, issued on affidavit that the rent is due and unpaid, or defendant about to remove or sell the crop, or by judgment at law against the tenant, and execution to be levied on the crop in whosesoever hands it may be.

It does not admit of argument that this remedy by attachment is not given on the basis contended for by the plaintiff. Whatever may be his rights in an action on the case for failure to comply with the express or implied contract for good husbandry on the part of the tenant, it is certain the damages for such

breach of contract is not meant under these sections, and could not be enforced as such by this proceeding. By the contract in this case the party was only entitled, as rent, to one-third of the crop made, be it much or little. If that failed, to be delivered according to contract, then on such failure the party would only be entitled to recover its value, and this probably might be treated as rent, and as due "otherwise" than by note or account, under the language of the statute. Be this as it may, it is certain the claim here made cannot be sustained and enforced in this proceeding.

Reverse the judgment and remand.